Robert D. Ryan – 014639
**LAW OFFICES OF ROBERT D. RYAN, P.L.C.**
343 West Roosevelt Street, Suite 220
Phoenix, Arizona  85003
Tel.:  602-256-2333
rob@robertdryan.com

Adam J. Levitt (*pro hac vice* motion to be filed)
Amy E. Keller (*pro hac vice* motion to be filed)
Laura E. Reasons (*pro hac vice* motion to be filed)
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Tel.:  312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
lreasons@dicellolevitt.com

Matthew S. Miller (*pro hac vice* motion to be filed)
**MATTHEW S. MILLER LLC**
77 West Wacker Drive, Suite 4500
Chicago, Illinois  60601
Tel.:  312-741-1085
mmiller@msmillerlaw.com

*Counsel for Plaintiffs and the Proposed Classes*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Rosenkrantz, Susan Bishop, and Christopher Bishop, individually and on behalf of all others similarly situated, | Civil Action No. _____ |
| Plaintiffs, | **ORIGINAL CLASS ACTION COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND EQUITABLE RELIEF** |
| v. | |
| Arizona Board of Regents, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiffs, Andrew Rosenkrantz, Susan Bishop, and Christopher Bishop (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated (collectively, the "Classes," as more fully defined below), brings this class action complaint against Defendant Arizona Board of Regents ("ABOR" or "Defendant"). Plaintiffs make the following allegations upon personal knowledge as to their own acts, and upon information and belief, and their attorneys' investigation, as to all other matters, alleging as follows:

## I.    <u>NATURE OF THE ACTION</u>

1.      This is a class action brought on behalf of all people who paid fees and/or the cost of room and board for the Spring 2020 academic semester at The University of Arizona, Arizona State University, and/or Northern Arizona University (collectively, the "Universities") and who, because of ABOR's response and policies relating to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefits of the room and board for which they had paid, and/or the services for which their fees were paid, without having those fees and costs refunded to them.

2.      In or around March 2020, ABOR and the Universities announced that because of the global COVID-19 pandemic, all classes would be moved online for the remainder of the Spring 2020 semester. Students who lived in on-campus housing were told they had to move out or were strongly encouraged to do so, such that they had no meaningful choice but to comply. Further, because all classes were moved online, there was no reason for students to remain on campus if they had other housing available to them. This is particularly so in the face of the dangers, risks, and fear associated with the pandemic. On information and belief, many students chose to leave campus to be closer to their families, or to avoid exposure to COVID-19,[1] and have stayed off campus to comply with directives from ABOR, the Universities, and local, state,

---

[1] The University of Arizona noted that at least one resident in university housing tested positive for COVID-19. *See* COVID-19 Campus Community Notice (Mar. 24, 2020), https://housing.arizona.edu/ua-news/covid-19-campus-community-notice. Fifteen students have tested positive for COVID-19 at Arizona State University. 15 Cases of COVID-19 confirmed at Arizona State University, Fox 10 Phoenix (Mar. 25, 2020), https://www.fox10phoenix.com/news/15-cases-of-covid-19-confirmed-at-arizona-state-university.

and federal governments.  In addition, the services that their fees were intended to cover were no longer available to them.

3.      Despite its constructive eviction of students at the Universities for the remainder of the semester and ending all campus activities for at least that same time period, ABOR has not offered refunds to students for the unused portion of their room and board, nor has it offered refunds of fees paid to cover the cost of certain on-campus services which will no longer be available to students.   To the extent refunds have been offered, the refunds have not been commensurate with the financial losses to the students and their families.  ABOR is, in essence, profiting from this pandemic.

4.      ABOR's decision to transition to online classes and to request or encourage students to leave campus were responsible decisions to make, but it is unfair and unlawful for ABOR to retain fees and costs and to pass the losses on to the students and their families.  Other higher education institutions across the United States that also have switched to e-learning and have requested that students leave campus have recognized the upheaval and financial harm to students and their families from these decisions and have provided appropriate refunds. That's the right thing to do.  ABOR, unfortunately, has taken the opposite approach.

5.      Accordingly, ABOR has improperly retained monies paid by Plaintiffs and the other Class members for room and board and fees, while prohibiting or otherwise preventing Plaintiffs and the other Class members from obtaining the benefits for which they paid.  Even if ABOR claims that it didn't have a choice, it nevertheless has improperly retained funds for services it is not providing.  No matter the excuse, ABOR's actions are unlawful and unfair, and equity demands disgorgement of the fees and monies paid.

6.      Plaintiffs bring this class action for injunctive, declaratory, and equitable relief, and any other available remedies, resulting from ABOR's illegal, unfair, or deceptive conduct, namely retaining the costs of room and board and fees paid by Plaintiffs and the other Class members, while forcing or encouraging Plaintiffs and the other Class members (or the students on behalf of who Plaintiffs and Class members paid these expenses) to move off campus.

7.     This lawsuit seeks disgorgement of the pro-rated, unused amounts of room and board and fees that Plaintiffs and the other Class members paid, but for which they (or the students on behalf of whom they paid) will not be provided the benefit.

## II.     PARTIES

### A.     Plaintiffs

8.     Andrew Rosenkrantz is an Illinois citizen, residing in Chicago, Cook County, Illinois.  He is the parent of a University of Arizona student and paid his son's room and board and fees for the Spring 2020 semester.

9.     Susan and Christopher Bishop are Illinois citizens, residing in Chicago, Cook County, Illinois.  They are the parents of a University of Arizona student and paid their daughter's room and board and fees for the Spring 2020 semester.

10.     Plaintiff Rosenkrantz's son and the Bishop Plaintiffs' daughter enrolled at The University of Arizona for the Spring 2020 semester and Plaintiffs' children each lived in on-campus housing beginning in January 2020.  Plaintiffs paid for the cost of room and board for their children to live in on-campus housing for the entire Spring 2020 semester.   Plaintiff Rosenkrantz's son moved out of on-campus housing in March 2020.  While the Bishop Plaintiffs' daughter was away from campus for spring break, she learned that she could not return to campus, and, indeed, has not returned.  The sudden change in living arrangement for Plaintiffs' children was in keeping with University of Arizona's recommendation that students not return to campus "provided they have suitable alternative living arrangements."[2]  Neither student has resided in on-campus housing since they left campus in March 2020.  Plaintiffs also paid certain fees on their children's behalf for the entire Spring 2020 semester, the benefits of which will no longer be received because the University urged students (wisely) to move off-campus.  Plaintiffs have not been offered or provided an adequate refund of the cost of room and board for which they

---

[2] Jake Toole, *New announcements about status of on-campus living during UA COVID-19 changes*, *The Daily Wildcat* (Mar. 15, 2020), https://www.wildcat.arizona.edu/article/2020/03/n-covid-dorms.

paid on behalf of their children.  Plaintiffs have neither been offered nor provided a refund of any fees which they paid on behalf of their children.

### B.   Defendants

11.   Arizona Board of Regents is the governing board created under the Arizona Constitution as the governing body for the Universities.  ABOR resides in Maricopa County, Arizona, with its principal place of business at 2020 North Central Avenue, Suite 230, Phoenix, Arizona.  Plaintiffs are not suing to recover monies paid by taxes to the public universities in Arizona; rather, Plaintiffs file suit against ABOR, a corporate body that may be sued, for specific disgorgement of fees and monies paid by students and their parents, guardians, and families for services not received.

### III.   JURISDICTION AND VENUE

12.   This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which Plaintiffs and one or more of the other Class members are citizens of a State different from the Defendant.  Namely, Plaintiffs are Illinois citizens and Defendant is an Arizona citizen.

13.   This Court has personal jurisdiction over Defendant because it resides in this District.

14.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this District and is a resident of the state in which the District is located.

### IV.   FACTUAL ALLEGATIONS

#### A.   *Plaintiffs and the Other Class Members Paid the Costs of Room and Board and Fees for the Spring 2020 Semester*

15.   Class members are individuals who paid the cost of room and board and fees for the Spring 2020 semester at the Universities.

16.   Spring semester classes at The University of Arizona began on or about January 15, 2020.  Final exams for the semester are scheduled to end on or around May 14, 2020.  Prior

to the COVID-19 outbreak and announcements, students were required to move out of their residence halls on or about May 15, 2020.

17.    Spring semester classes at Arizona State University began on or about January 13, 2020.  Final exams for the semester are scheduled to end on or around May 9, 2020.

18.    The residence halls at Northern Arizona University opened for the Spring semester on or about January 11, 2020 and classes began on or about January 13, 2020.  Final exams for the semester are scheduled to end on or about May 7, 2020 and prior to the COVID-19 outbreak and announcements, the residence halls were scheduled to close on or about May 8, 2020.

19.    Plaintiffs and the other Class members paid the cost of room and board for the Spring 2020 semester.  They also paid the fees associated with the Spring 2020 semester.

20.    Approximate room and board costs at the Universities for the 2019-2020 academic year are as follows:

- Arizona State University undergraduate student, Tempe campus:  Housing ($8,336), Meals ($5,174);
- University of Arizona undergraduate student:  Room/Board ($13,350)
- Northern Arizona undergraduate student, Flagstaff Campus:  Housing ($5,830), Meals ($4,950).

21.    Mandatory fees for undergraduates at University of Arizona's main campus include:

- Arizona Financial Aid Trust (AFAT) Fee;
- Athletics Fee;
- Freshman Fee;
- Health & Recreation Fee;
- Information Technology/Library Fee;
- Recreation Center Bond Retirement Fee;
- Recreation Center Program Fee;
- Student Media Fee;

- Student Services Fee; and
- Wildcat Events Board Fee.[3]

22.  Graduate students and students at University of Arizona's other campus locations were also required to pay similar fees for the Spring 2020 semester.

23.  The fees actually paid by or on behalf of University of Arizona students vary based on the program of study, grade level, and the number of credit hours taken.  For example, the fees for an undergraduate student at University of Arizona's main campus for  the Spring 2020 semester range between $99.96 (the lowest possible fee, based on enrollment for one credit unit) and $695.21 (first year student enrolled in 7+ credit units).

24.  Mandatory fees at Arizona State University include:

- Undergraduate College Fee 1 through 4;
- Technology Fee; and
- Student Initiated Fee.[4]

25.  The fees actually paid by or on behalf of Arizona State University students vary based on program of study.   By way of example, the fees for an Arizona resident or nonresident undergraduate student at the Tempe campus for the 2019-2020 academic year include:  Student Initiated Fees ($628) and Undergraduate College Fees ($0-$1,800).

26.  Mandatory fees at Northern Arizona University include;

- Health and Recreation Fee;
- Financial Aid Trust Fee;
- Information Technology Fee;
- Student Activity Fee;
- Green Fee;

---

[3] Fee Descriptions, The University of Arizona, available at https://bursar.arizona.edu/tuition/fees/descriptions (last accessed Mar. 25, 2020).

[4] Arizona State University, Tuition and Fee Descriptions, available at https://students.asu.edu/tuition-descriptions (last accessed Mar. 25, 2020).

- ASNAU Fee;

- Athletics Fee;

- Student Health Insurance;

- International Student Health Insurance

- Program Fees in addition to tuition;

- Transportation Fee;

- GSG Fee;

- Special Class Fees;

- Graduate Matriculation Fee; and

- Other Fees.[5]

27.     Although the fees actually paid by or on behalf of Northern Arizona University students vary based on campus and area of study, fees for an undergraduate four-year pledge student at the Flagstaff campus for 2021-2021 are approximately $1,246 per student.

28.     In addition, on information and belief, graduating seniors at the University of Arizona were required to pay a $50 fee related to commencement, which has since been canceled without refunding the $50 fee.

29.     Some Class members also purchased parking on their respective campuses, which also has not been refunded even though the parking services are no longer available to them.

30.     The fees listed and described in the paragraphs above are provided by way of example; total damage amounts—which may include other fees that are not listed herein but that were not refunded—will be proven at trial.  Fees do not include the cost of tuition.  Nor do fees include room and board, which are separately discussed above and throughout this Complaint.

---

[5] Northern Arizona University, What do these fees do?, available at https://in.nau.edu/sdas/additional-fee-descriptions/ (last accessed Mar. 22, 2020).

**B.** ***In Response to COVID-19, the Universities Get It Half Right: Students Are Required or Encouraged to Leave Campus, But Their Fees Are Not Refunded.***

31.     Beginning in January 2020, COVID-19 began presenting American cities and universities with an unprecedented, modern-day challenge: maintaining the fabric of our economy and communities while protecting American lives.

32.     In March 2020, several U.S. cities, states, and municipalities began calling for social distancing to slow the spread of COVID-19.  Eventually, some cities, states, and municipalities ordered citizens and residents to "shelter-at-home," effectively requiring them to stay home, other than to receive essential services.

33.     Universities in Arizona were slower to react, leading Arizona Attorney General Marc Brnovich to note that he was concerned with the growing number of cases of COVID-19 at Arizona State University.



34.     Students expressed concern that, if they stayed on campus or in student residence halls, the living conditions would threaten their safety, and expose them to COVID-19.[6]

35.     On March 20, 2020, the Arizona Department of Health Services issued updated recommendations as follows:

---

[6]  Fifteen cases of COVID-19 confirmed, *supra* n.1.

- Effective close of business Friday, March 20, all restaurants in Arizona counties with confirmed COVID-19 cases are required to provide dine-out options only.
- Effective close of business Friday, March 20, all bars, movie theaters, and gyms in counties with confirmed COVID-19 cases are required to close.
- Halt all elective surgeries in the state of Arizona.
- If someone in your family has tested positive for COVID-19, keep the entire household at home and contact your medical provider.
- Expiration dates on Arizona driver licenses are delayed.
- State-wide closures of Arizona schools through Friday, April 10, 2020.
- When school resumes, school administrators should develop and implement precautions to ensure schools are a safe learning environment, including social distancing measures, regular intervals for administrators to wash and sanitize their hands, and guidance on how to properly and frequently sanitize equipment and common surfaces.
- Recommendations to cancel or postpone mass gatherings of 10 or more people.
- Recommend telework and other alternatives when available.[7]

36.     In March 2020, ABOR, through each of the Universities, also issued various mandates to students, requiring them to begin taking all classes remotely and, in most cases, not return to campus, including to their University-provided housing, for the remainder of the Spring 2020 semester.

37.     At the University of Arizona, all Spring 2020 classes were moved to an online format through the end of the semester, starting on March 18, 2020.  In addition, all University of Arizona students were instructed that they "should not return to campus."[8]

[7] Coronavirus Home, Arizona Department of Health Services, available at https://www.azdhs.gov/preparedness/epidemiology-disease-control/infectious-disease-epidemiology/index.php#novel-coronavirus-home (last accessed Mar. 22, 2020).

[8] The University of Arizona, Coronavirus Information, available at https://www.arizona.edu/coronavirus-covid-19-information (last accessed Mar. 22, 2020) ("Students

38.     While social distancing is recommended by healthcare professionals and even the Centers for Disease Control and Prevention ("CDC"), the resulting impact to the economy—and individual families' wallets—cannot be understated.[9]   Rather than acknowledge the difficult financial stresses that COVID-19 has placed on families, University students in Arizona and their families were expected to bear the brunt of the stress.

39.     University of Arizona students were refused room and board refunds, and were, instead, offered a choice between two housing rent credit options.  Option A:  A 10% credit for the 2019-2020 academic year housing will be applied to your Bursar's account in May; or Option B: A 20% credit will be applied to your academic year 2020-2021 on-campus housing.  If a student fails to make a selection by April 17, 2020, Option A will be selected for them.[10]

40.     The housing and rent credits offered to University of Arizona students are insufficient because they do not return to them the full pro-rated, unused portion of their room and board payment for the semester.  Further, the 20% credit option would not be available to or helpful for a University of Arizona student who did not intend to live in on-campus housing during the 2020-2021 academic year, for example, because they are graduating, transferring, or made other off-campus living arrangements.

41.     Aside from the woefully insufficient "relief" provided to students for room and board payments, the University of Arizona has not offered or provided students any refund of the miscellaneous fees they paid that were unused or for which they had not received a benefit.

---

should not return to campus, provided they have suitable alternative living arrangements.  Students who are moving out are welcome to return to campus briefly to collect belongings.")

[9] Griselda Zetino, Arizonans now able to apply for unemployment benefits due to virus, KTAR News (Mar. 24, 2020), https://ktar.com/story/3040652/arizonans-now-able-to-apply-for-unemployment-benefits-due-to-coronavirus/ ("the number of people who've applied for unemployment benefits in Arizona has skyrocketed.  Last week, more than 29,000 people applied for unemployment benefits, according to the Arizona Department of Economic Security.  That's up from a weekly average of 3,500.").

[10] The University of Arizona, Housing Rent Credit, available at https://housing.arizona.edu/ua-news/housing-rent-credit (last accessed Mar. 22, 2020).

42.     At Arizona State University, online classes were extended through the end of the Spring semester, and while university housing remains open for only those students who do not have an alternative housing option, social distancing mandates that a majority of students needed to vacate their residence halls.[11]

43.     Arizona State University students have not been offered or provided any refund of their fees or their room and board costs.

44.     At Northern Arizona University, all classes were moved online effective March 23, 2020.[12]  Although students were not formally mandated to immediately move out of on-campus housing, given the Arizona state-wide mandate to avoid unnecessary contact with others, public health recommendations from the CDC, as well as the fact that there was no longer a need to remain on campus to attend live classes, many students made a personal decision to move out of their on-campus housing.  These factors rendered the ability to remain in on campus housing illusory and any suggestion that students should have stayed on campus is empty, dangerous, and irresponsible.

45.     Northern Arizona University students have not been offered or provided any refund of their fees or room and board costs.

46.     Put simply, even when ABOR claims that remaining in on-campus housing is an option: residence halls in Arizona are not designed to safely house students in the event of a pandemic and, in order to stay safe, a vast majority of the students must move out in order to practice safe, social distancing in accordance with recommendations by the CDC.

---

[11] Arizona State University, Novel Coronavirus, available at
https://eoss.asu.edu/health/announcementsronavirus (last accessed Mar. 22, 2020) ("ASU has made the decision to extend online classes through the end of the spring semester… University housing will remain open *for those who must stay*…") (emphasis added).

[12] Northern Arizona University, Coronavirus updates and resources, available at
https://nau.edu/coronavirus/ (last accessed Mar. 22, 2020) ("Effective Monday, March 23, NAU will move to online instruction for the remainder of the semester….")

47.     ABOR has retained the value of monies paid by Plaintiffs and the other Class members for room and board and fees, while failing to provide the services for which those fees were paid.

48.     Class members have demanded the return of the unused amounts of monies paid for room and board and fees, through a number of channels, including through online forums,[13] while Defendant has made clear its policy that it will not return any fees, and will only provide a minimal credit (not a full return of the pro-rated, unused amounts) for room and board at University of Arizona only.

49.     Through this lawsuit, Plaintiffs seek—for themselves and the other Class members—Defendant's disgorgement of the pro-rated, unused portion of fees, proportionate to the amount of time that remained in the Spring 2020 semester when classes moved online and campus services ceased being provided, as well as the return of the pro-rated, unused portion of room and board paid for housing and meals, proportionate to the amount of time that remained in the Spring 2020 semester when students needed to move out of their on-campus housing. Plaintiffs seek return of these amounts on behalf of themselves, and the two Classes as defined below.

## V.    CLASS ACTION ALLEGATIONS

50.     Plaintiffs bring this case individually and, pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3), and/or (c)(4) for equitable relief and disgorgement on behalf of two Classes, defined as:

> All people who paid the costs of room and board for or on behalf of students enrolled in classes at one of the Universities for the Spring 2020 semester who moved out of their on-campus housing prior to the completion of that semester because of the Arizona Board of Regents' policies and announcements relating to COVID-19 (the "Room and Board Class");

---

[13] *See, e.g.,* Clay Robinson, Number of students demanding refunds climbs amid coronavirus closures (Mar. 17, 2020), available at https://www.campusreform.org/?ID=14551.

and

> All people who paid fees for or on behalf of students enrolled in classes at one of the Universities for the Spring 2020 semester (the "Fee Class").

51.    Excluded from the Classes are ABOR, the Universities, and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; the judicial officers, and their immediate family members; and Court staff assigned to this case. Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

52.    This action has been brought and may properly be maintained on behalf of the Classes proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

53.    **Numerosity—Federal Rule of Civil Procedure 23(a)(1).**  The members of each of the Classes are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  The precise number of Class members is unknown to Plaintiffs, but may be ascertained from ABOR's records and, based upon publicly-available information, the Room and Board Class is presumed to be not less than 36,000 people and the Fee Class is presumed to be not less than 140,000 people.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

54.    **Commonality—Federal Rule of Civil Procedure 23(a)(2); Predominance— Federal Rule of Civil Procedure 23(b)(3).**  This action involves questions of law and fact common to the Classes, which predominate over any individual questions, including, without limitation:

   a.    Whether Defendant engaged in the conduct alleged herein;

   b.    Whether Defendant breached its contracts with Plaintiffs and the other members of the Room and Board Class who entered into licensing agreement by not refunding them a pro-rated amount of their room and

board expenses when a pandemic prevented them (or the students on whose behalf they paid) from continuing to live on campus safely;

c.   Whether Defendant was unjustly enriched by retaining payments of Plaintiffs and the other Room and Board Class members while they (or the students on whose behalf they paid) moved out of their on-campus housing;

d.   Whether Defendant committed conversion by retaining payments of Plaintiffs and the other Room and Board Class members while they (or the students on whose behalf they paid) moved out of their on-campus housing;

e.   Whether Defendant breached their contracts with Plaintiffs and the other Fee Class members by retaining fees without providing the services which the fees were intended to cover;

f.   Whether Defendant was unjustly enriched by retaining fees of Plaintiffs and the other Fee Class members without providing the services that the fees were intended to cover;

g.   Whether Defendant committed conversion by retaining fees of Plaintiffs and the other Fee Class members without providing the services that the fees were intended to cover;

h.   Whether certification of the Room and Board Class and the Fee Class is appropriate under Fed. R. Civ. P. 23;

i.   Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

j.   The amount and nature of relief to be awarded to Plaintiffs and the other Class members.

55.   **Typicality—Federal Rule of Civil Procedure 23(a)(3).**  Plaintiffs' claims are typical of the other Class members' claims because Plaintiffs and the other Class members each paid for certain costs associated with the Spring 2020 semester at the Universities but were not provided the services that those costs were meant to cover.  Plaintiffs and the other Class

members suffered damages—namely, the loss of their fees and monies paid—as a direct and proximate result of the same wrongful conduct in which ABOR and the Universities engaged. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the other Class members' claims.

56. **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are an adequate Class representative because their interests do not conflict with the interests of the other Class members who they seek to represent, Plaintiffs have retained counsel competent and experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously.  Class members' interests will be fairly and adequately protected by Plaintiffs and their counsel.

57. **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).** ABOR has acted or refused to act on grounds generally applicable to Plaintiffs and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole.

58. **Certification of Specific Issues—Federal Rule of Civil Procedure 23(c)(4).**  To the extent a class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiffs seek the certification of issues that will drive the litigation toward resolution.

## VI. <u>CLAIMS ALLEGED</u>

### <u>FIRST CLAIM FOR RELIEF</u>

**Breach of Contract**

**Plaintiffs and the Other Members of the Room and Board Class**

59. Plaintiffs repeat and allege the allegations in Paragraphs 1-58, above, as if fully alleged herein.

60. Plaintiffs bring this claim individually and on behalf of the other members of the Room and Board Class.

61. Plaintiffs and the other members of the Room and Board Class entered into contracts in the form of license agreements with the Universities, of which ABOR was the direct

beneficiary, which provided that Plaintiffs and the other members of the Room and Board Class would pay monies, and, in exchange, the Universities, as directed by ABOR, would provide housing and a meal plan.

62.     Plaintiffs and the other members of the Room and Board Class fulfilled their end of the bargain when they paid the monies due and owing for their room and board for the semester.  Plaintiffs and the other members of the Room and Board Class were not provided room and board for the entire semester; accordingly, pursuant to the laws of the State of Arizona, under which the housing agreements are interpreted, Plaintiffs and the other members of the Room and Board Class were entitled to an equitable remedy in the event of a breach—here: disgorgement of the unused days of room and board already charged.

63.     ABOR retained monies paid by Plaintiffs and the other members of the Room and Board Class for their Spring 2020 room and board, without providing them the benefit of their bargain.

64.     ABOR's performance under the contracts is not excused because of COVID-19 and the housing agreements provide no such terms excusing performance given nationwide pandemics.  Indeed, ABOR should have fully refunded the pro-rated portion of any unused room and board, while ABOR breached its contract with individuals who paid for room and board. Even if performance was excused or impossible, ABOR would nevertheless be required to return the funds received for services that will not be provided.

65.     Plaintiffs and the other members of the Room and Board Class have been damaged in that they have been deprived of the value they paid for room and board while ABOR retained that value.

66.     This matter arises out of contract, such that Plaintiff and the other members of the Room and Board Class are entitled to the recovery of attorneys' fees pursuant to A.R.S. § 12-341.01.

## **SECOND CLAIM FOR RELIEF**

### **Breach of Contract**

### **Plaintiffs and the Other Members of the Fee Class**

67.     Plaintiffs repeat and allege the allegations in Paragraphs 1-58, above, as if fully alleged herein.

68.     Plaintiffs bring this claim individually and on behalf of the other members of the Fee Class.

69.     Plaintiffs and the Fee Class entered into contracts with ABOR which provided that Plaintiffs and the other members of the Fee Class would pay fees for or on behalf of students, and in exchange, ABOR and the Universities would provide services to students.

70.     Plaintiffs and the other members of the Fee Class fulfilled their end of the bargain when they paid the fees for the Spring 2020 semester.

71.     ABOR rules or policy require that the Universities use fees for only certain, approved purposes.  On information and belief, retaining fees while failing to provide the services for which the fees were intended is not an approved purpose.

72.     ABOR breached the contracts when the Universities moved classes online and stopped providing services for which the fees were intended to pay.

73.     ABOR breached the contracts when ABOR failed to use the fees collected for an approved purpose.

74.     ABOR retained monies paid by Plaintiffs and the other members of the Fee Class, without providing them the benefit of their bargain.

75.     Plaintiffs and the other members of the Fee Class have been damaged in that they have been deprived of the value of the services the fees they paid were intended to cover, while ABOR retained those fees.  Plaintiffs and the other members of the Fee Class were entitled to an equitable remedy—here: disgorgement of the pro-rated, unused amounts of fees already charged.

76.     This matter arises out of contract, such that Plaintiff and the other members of the Fee Class are entitled to the recovery of attorneys' fees pursuant to A.R.S. § 12-341.01.

### THIRD CLAIM FOR RELIEF

#### Unjust Enrichment

#### Plaintiffs and the Other Members of the Room and Board Class

77.     Plaintiffs repeat and allege the allegations in Paragraphs 1-58, above, as if fully alleged herein.

78.     Plaintiffs bring this claim individually and on behalf of the other members of the Room and Board Class and in the alternative to the breach of contract claim brought on behalf of Plaintiffs and the other members of the Room and Board Class.

79.     ABOR has received a benefit at the expense of Plaintiffs and the other members of the Room and Board Class to which it is not entitled.  Plaintiffs and the other members of the Room and Board Class paid for room and board and did not receive the full benefit of their bargain.  Accordingly, ABOR should return the monies paid for room and board for the Spring 2020 semester by Plaintiffs and the other members of the Room and Board Class.  Equity demands the return of the pro-rated, unused amounts paid by Plaintiffs and the other members of the Room and Board Class.

80.     ABOR has been unjustly enriched by retaining the monies paid by Plaintiffs and the other members of the Room and Board class for housing and meal plans for the semester while not providing the room and board and meals for which those monies paid.  Equity requires ABOR return the full amounts paid by Plaintiffs and the other members of the Room and Board Class for their room and board.

### FOURTH CLAIM FOR RELIEF

#### Unjust Enrichment

#### Plaintiffs and the Other Members of the Fee Class

81.     Plaintiffs repeat and allege the allegations in Paragraphs 1-58, above, as if fully alleged herein.

82.     Plaintiffs bring this claim individually and on behalf of the other members of the Fee Class and in the alternative to the breach of contract claim brought on behalf of Plaintiffs and the other members of the Fee Class.

83.     ABOR has received a benefit at the expense of Plaintiffs and the other members of the Fee Class to which it is not entitled.  Plaintiffs and the other members of the Fee Class paid University fees and did not receive the full benefit of their bargain.  Accordingly, ABOR should return the monies paid for fees for the Spring 2020 semester by Plaintiffs and the other members of the Fee Class.  Equity demands the return of these amounts paid by Plaintiffs and the other members of the Fee Class.

84.     Plaintiffs and the other members of the Fee Class paid fees for or on behalf of students, which were intended to cover services for the Spring 2020 semester. In exchange, students were entitled to receive those services for the entire semester.

85.     ABOR moved classes online and stopped providing services the fees were intended to cover.

86.     ABOR has retained fees paid by Plaintiffs and the other members of the Fee Class, without providing the services for which they paid and, as such, has been enriched.

87.     ABOR has been unjustly enriched by retaining the fees paid by Plaintiffs and the other members of the Fee Class for the semester while not providing services for which those fees paid.  Equity requires ABOR and the Universities to return the fees paid by Plaintiffs and the other members of the Fee Class.

### FIFTH CLAIM FOR RELIEF

#### Conversion

#### Plaintiffs and the Other Members of the Room and Board Class

88.     Plaintiffs repeat and allege the allegations in Paragraphs 1-58, above, as if fully alleged herein.

89.     Plaintiffs bring this claim individually and on behalf of the other members of the Room and Board Class.

90.     Plaintiffs and the other members of the Room and Board Class have a right to the services that were supposed to be provided in exchange for their payments to ABOR for room and board.

91.     ABOR intentionally interfered with the rights of Plaintiffs and the other members of the Room and Board Class when it required students for or on whose behalf Plaintiffs and the other members of the Room and Board Class paid the cost of room and board to move out of their on-campus housing, while retaining the monies that they paid for room and board.

92.     ABOR deprived Plaintiffs and the other members of the Room and Board Class of the value they paid for themselves or the students on whose behalf they paid or of their right to live in on-campus housing and use their meal plans.

93.     Room and Board Class members demanded the return of the pro-rated, unused amounts paid for room and board for the remainder of the Spring 2020 semester.

94.     This interference with the services for which Plaintiffs and the other members of the Room and Board Class paid damaged Plaintiffs and the other members of the Room and Board Class, in that they paid for room and board for or on behalf of students that will not be provided and, as such, ABOR has deprived Plaintiffs and the other members of the Room and Board Class of the right to their property, in this case, the amounts paid.

95.     Plaintiffs and the other members of the Room and Board Class are entitled to the return of the pro-rated, unused amounts paid for room and board, through the end of the semester.

## SIXTH CLAIM FOR RELIEF

### Conversion

### Plaintiffs and the Other Members of the Fee Class

96.     Plaintiffs repeat and allege the allegations in Paragraphs 1-58, above, as if fully alleged herein.

97.     Plaintiffs brings this claim individually and on behalf of the other members of the Fee Class.

98.     Plaintiffs and the other members of the Fee Class have a right to the services that were supposed to be provided in exchange for their payments of fees to ABOR.

99.     ABOR intentionally interfered with the rights of Plaintiffs and the other members of the Fee Class when it moved all classes to an online learning format and discontinued services for which the fees were intended to pay, while retaining the fees paid by Plaintiffs and the other members of the Fee Class.

100.    ABOR deprived Plaintiffs and the other members of the Fee Class of their fees or of the right to the services that their fees were intended to be used for.

101.    Fee Class members demanded the return of the pro-rated, unused fees for the remainder of the Spring 2020 semester.

102.    ABOR's retention of the fees paid by Plaintiffs and the other members of the Fee Class without providing the services for which they paid, deprived Plaintiffs and the other members of the Fee Class of the benefits for which the fees paid.

103.    This interference with the services for which Plaintiffs and the other members of the Fee Class paid damaged Plaintiffs and the other members of the Fee Class in that they paid fees for services that will not be provided.

104.    Plaintiffs and the other members of the Fee Class are entitled to the return of pro-rated, unused portion of the fees paid, through the end of the semester.

## VII.    REQUEST FOR RELIEF

Plaintiffs, individually and on behalf of the other Class members, respectfully request that the Court enter judgment in their favor and against Defendant as follows:

a.      Certifying the Classes as requested herein, designating Plaintiffs as class representatives, and appointing the undersigned counsel as Class Counsel;

b.      Declaring that Defendants are financially responsible for notifying the Class members of the pendency of this suit;

c.      Declaring that Defendant has wrongfully kept the monies paid for room and board and fees;

d.      Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from retaining the pro-rated, unused portion of monies paid for room and board and fees;

e.      Awarding Plaintiffs' reasonable attorneys' fees, costs, and expenses;

f.      Awarding pre- and post-judgment interest on any amounts awarded; and

g.      Awarding such other and further relief as may be just and proper.

## VIII.   <u>JURY TRIAL DEMANDED</u>

Plaintiffs demand a trial by jury on all causes of action so triable.

Dated:  March 27, 2020

/s/ Robert D. Ryan
Robert D. Ryan – 014639
**LAW OFFICES OF ROBERT D. RYAN, P.L.C.**
343 West Roosevelt Street, Suite 220
Phoenix, Arizona  85003
Tel.: 602-256-2333
rob@robertdryan.com

Adam J. Levitt (*pro hac vice* motion to be filed)
Amy E. Keller (*pro hac vice* motion to be filed)
Laura E. Reasons (*pro hac vice* motion to be filed)
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Tel.:  312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
lreasons@dicellolevitt.com

Matthew S. Miller (*pro hac vice* motion to be filed)
**MATTHEW S. MILLER LLC**
77 West Wacker Drive, Suite 4500
Chicago, Illinois  60601
Tel.: 312-741-1085
mmiller@msmillerlaw.com

*Counsel for Plaintiffs and the Proposed Classes*
