**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Rosenkrantz, *et al.*, | No. CV-20-00613-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Arizona Board of Regents, | |
| Defendant. | |

At issue is Defendant's Rule 12(b)(6) Motion to Dismiss, Or In The Alternative, Motion For Summary Judgment (Doc. 15, Mot.), to which Plaintiffs filed a Response (Doc. 20, Resp.) and Defendant filed a Reply (Doc. 22). For the following reasons, the Court grants Defendant's Motion.

**I.    BACKGROUND**

Plaintiffs are parents of students who were enrolled at one of three public universities in Arizona—the University of Arizona, Arizona State University, and Northern Arizona University (collectively "Universities")—during the Spring 2020 semester. (Doc. 8, First Am. Compl. ("FAC") ¶¶ 8–14.) Defendant Arizona Board of Regents ("ABOR") is the governing board created under the Arizona Constitution as the governing body for the Universities. (FAC ¶ 18.)

Plaintiffs allege that in March 2020, in response to the COVID-19 pandemic, the Universities either encouraged or forced the students to move out of on-campus housing, moved all classes to online, cancelled campus events, and ceased providing various

services. (FAC ¶¶ 47–70.) The Universities did not return to Plaintiffs the cost of room and board and/or the fees for services.

Plaintiffs bring this class action on behalf of all people who paid the cost of room and board and/or fees for the Spring 2020 semester at the Universities and who, in the wake of the COVID-19 pandemic, lost the benefits of the room and board and/or services and did not receive an unconditional refund. (FAC ¶ 1.) They assert two classes are appropriate for certification: those who paid the cost of room and board for or on behalf of students, and those who paid fees for services for or on behalf of students. The First Amended Complaint ("FAC") alleges claims for breach of contract, unjust enrichment, and conversion on behalf of each of the two proposed classes, for a total of six claims. (FAC at 21–27.) In each of those claims, Plaintiffs assert they are entitled to a return of the pro-rated, unused funds. Under a separate "Request for Relief" section, the FAC seeks a declaration that Defendant "has wrongfully kept the monies paid for room and board and fees" and injunctive relief "enjoining Defendant from retaining the pro-rated, unused portion of monies paid for room and board and fees." (FAC at 27.)

Defendant now moves to dismiss the FAC on the grounds that Plaintiffs failed to file a pre-suit notice of claim as required by A.R.S. § 12–821.01(A).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).  When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108

(9th Cir. 2010). On a Rule 12(b)(6) motion, Rule 8(a) governs and requires that, to avoid dismissal of a claim, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. ANALYSIS

Arizona law requires a plaintiff to file a notice of claim with a public entity before suing it for damages. A.R.S. § 12–821.01(A). The notice of claim must set forth "facts sufficient to permit the public entity . . . to understand the basis on which liability is claimed" and "a specific amount for which the claim can be settled and the facts supporting that amount." *Id.* It must be made within 180 days of when the cause of action accrues. *Id.* Claims that do not comply with the statutory requirements are barred. *Deer Valley Unified Sch. Dist. No. 97 v. House*r, 152 P.3d 490, 492 (Ariz. 2007); *see* § 12–821.01(A).

### A. Claims for Damages

Resolution of the present Motion depends largely on the nature of Plaintiffs' claims. The notice of claim statute functions to allow public entities to investigate and assess liability, consider the possibility of settlement prior to litigation, and assist in financial planning and budgeting. *Deer Valley*, 152 P.3d at 492; *see also Falcon ex rel. Sandoval v. Maricopa Cty.*, 144 P.3d 1254, 1256 (Ariz. 2006). As these implicate fiscal considerations, the statute applies only to claims for money damages and does not apply when declaratory or injunctive relief is the "primary purpose of the litigation." *Martineau v. Maricopa Cty.*, 86 P.3d 912, 915 (Ariz. Ct. App. 2004); *Madrid v. Concho Elementary Sch. Dist. No. 6 of Apache Cty.*, No. CV-07-8103-PCT-DGC, 2010 WL 1980329, at *1 (D. Ariz. May 17, 2010), aff'd, 439 F. App'x 566 (9th Cir. 2011).

However, this distinction does not sanction form over substance. Courts have made clear that a plaintiff cannot file an action for monetary damages under the guise of seeking declaratory relief to circumvent the notice of claim requirement. *See Martineau*, 86 P.3d at 917 n.7. In *Stallings*, the plaintiff sued the Director of the Arizona Department of Corrections alleging the defendant breached a settlement agreement from a prior lawsuit that involved serious injuries to the plaintiff's feet. *Stallings v. Ryan*, 2014 WL 127406, at

*2 (Ariz. Ct. App. Jan. 14, 2014). The plaintiff, who did not file a pre-suit notice of claim, attempted to characterize the relief requested as "injunctive relief in the form of an order for immediate nerve testing and recommended treatment, for a refund of money charged for his follow-up medical visits for his feet and a cessation of future charges, and for the timely filling of pain medications." *Id.* The court firmly rejected this. "Whether characterized as injunctive relief or something else, the requests would require the State to expend funds or forgo collecting funds, which in either case would affect financial planning and budgeting . . . Because government funds would be involved in any relief granted, [the plaintiff's claim] is barred for failure to file a notice of claim." *Id.*

Here, Plaintiffs' breach of contract claims allege the parties entered into agreements in which Plaintiffs paid monies and/or fees, and in exchange, the Universities, as directed by ABOR, would provide housing and a meal plan and/or services. (FAC ¶¶ 86, 94.) Plaintiffs "fulfilled their end of the bargain," but Defendant failed to uphold theirs. (FAC ¶¶ 87–88, 95–99.) The FAC requests "disgorgement" of the pro-rated unused monies already paid, a "declaration" that Defendant is unlawfully withholding the funds, and an "injunction" enjoining Defendant from retaining them. (*E.g.*, FAC ¶¶ 84, 100.) However, an equitable remedy is inappropriate where, as here, an adequate legal remedy exists in the form of money damages. *See, e.g.*, *Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072, 1074 (9th Cir. 2020) (dismissing restitution claim because a claim for damages in the same amount was available). Plaintiffs' attempt to camouflage a legal remedy—*i.e.*, money damages—by labeling it as an equitable one is revealed by the very form their claims take: breach of contract seeking "the benefit of their bargain" and requesting a jury trial. (FAC ¶¶ 88, 99.) *See Madrid*, 2010 WL 1980329, at *1 (concluding the plaintiff's claim was "nothing more than a breach of contract claim brought under the guise of seeking declaratory relief" and dismissing it for failure to file a notice of claim).

Plaintiffs' claims for conversion are similarly problematic. The FAC alleges Defendant deprived Plaintiffs of the value they paid for room and board and/or services. This interference "damaged" Plaintiffs, who assert they are entitled to the return of the pro-

rated unused funds and/or fees allegedly converted. (FAC ¶¶ 118, 127.) The remedy is, again, money damages. *Metro Phoenix Bank Inc. v. RPM Private Wealth LLC*, 2020 WL 1312879, at *3 (Ariz. Ct. App. Mar. 19, 2020) ("[U]nder Arizona law, the measure of damages for conversion is the value of the property plus other damage suffered because of the wrongful detention or deprivation such as damages for loss of use.").

More fundamental to Arizona's notice of claim statute, the relief requested for all six of Plaintiffs' claims—regardless of the label Plaintiffs use or theory they assert—directly involves government funds and would undoubtedly affect financial planning. The claims are therefore subject to the notice of claim statute. *Arpaio v. Maricopa Cty. Bd. of Supervisors*, 238 P.3d 626, 630 (Ariz. Ct. App. 2010) (noting a victory in the plaintiffs' declaratory relief action would enable them to seek $24 million from the defendant public entity, and therefore concluding the suit is subject to the notice of claim statute). Plaintiffs' argument that because they merely seek return of their own money, as opposed to new or reallocated funds, is unavailing. *See Stallings*, 2014 WL 127406, at *2 (holding the plaintiff's request for a refund of his own money implicated government funds and budgetary issues).[1]

Because a legal remedy is available to Plaintiffs, they are required to comply with Arizona's notice of claim statute as a prerequisite to this action.

### B. Plaintiffs' Remaining Arguments

Although the FAC alleges Plaintiffs and other putative class members demanded the return of money "through a number of channels," (FAC ¶ 71), it does not allege they

---

[1] Plaintiffs rely heavily on *Kromko v. Ariz. Bd. of Regents*, 146 P.3d 1016 (Ariz. Ct. App. 2006). That case involved a lawsuit brought by university students against the Arizona state legislature and ABOR challenging a nearly 40% tuition increase. The Arizona Court of Appeals held ABOR was not immune under the immunity statutes because the students' request for a tuition refund was not a claim for monetary damages. *Id.* at 1024. Plaintiffs' reliance on this case is unavailing for several reasons. First, the portion of the opinion concerning ABOR's immunity was vacated by the Arizona Supreme Court, which held the issue of setting tuition is a political question that is not suitable for judicial resolution. *See Kromko v. Ariz. Bd. of Regents*, 165 P.3d 168, 195 (Ariz. 2007). Thus, the reasoning partially underlying the Court of Appeals decision—that a tuition refund request is not damages—is at best, not controlling, and at worst, wrong. Second, the statute at issue was an immunity statute, not A.R.S. § 12-821.01, and the Court of Appeals specifically noted it construes the immunity statute narrowly. Finally, unlike here, the students in *Kromko* had filed a proper pre-suit notice of claim.

1   ever filed a notice of claim with ABOR. Plaintiffs do not dispute this in their Response or
2   contend they filed a statutorily sufficient notice of claim. Instead, they raise a number of
3   arguments suggesting they should be excused from doing so.

4   First, Plaintiffs state that because noncompliance with the statute is an affirmative defense, dismissal for lack of compliance with the same is premature. (Resp. at 10.) The Court disagrees. Failure to comply with the statute bars an action, and courts in Arizona routinely dismiss actions that were not preceded by a proper notice of claim. *See, e.g.*, *Nored v. City of Tempe*, 614 F. Supp. 2d 991, 998 (D. Ariz. 2008); *Deer Valley*, 152 P.3d at 496.

Plaintiffs next argue Defendant waived its right to rely on the notice of claim statute because Plaintiffs and potential class members requested refunds and ABOR and the Universities steadfastly refused to provide them. (Resp. at 10.) This argument lacks merit. "Actual notice and substantial compliance do not excuse failure to comply" with the statute. *Falcon*, 144 P.3d at 1256. Thus, whether ABOR (as opposed to the Universities) knew of certain demands made by Plaintiffs—which the FAC does not actually allege—is irrelevant.[2] Moreover, Defendant's first action in this case was to file the present Motion to Dismiss for failure to comply with the notice of claim statute. This can hardly be considered a waiver of the defense. *Cf. Jones v. Cochise Cty.*, 187 P.3d 97, 105 (Ariz. Ct. App. 2008) (finding waiver when the defendant had served its disclosure statement, answered interrogatories, and participated in seven depositions before raising the notice of claim defense almost a year after the complaint was filed).

Finally, without analysis, Plaintiffs suggest Defendant should be equitably estopped for the same reason, *i.e.*, Plaintiffs made demands for refunds and ABOR refused. Equitable estoppel precludes a party from asserting a right inconsistent with a position previously taken to the detriment of another who acted in reliance on the party's initial position. *McLaughlin v. Jones in & for Cty. of Pima*, 401 P.3d 492, 501 (Ariz. 2017). The

---

[2] Plaintiffs also speculate that ABOR may have received and rejected notices of claims from potential class members. (Resp. at 11.) The proposed classes are not certified, and thus only the actions of the named Plaintiffs matter.

Court fails to see how this doctrine is applicable to the present case and Plaintiffs do not attempt to demonstrate that it is.

Pursuant to A.R.S. § 12–821.01(A), Plaintiffs were required to file a notice of claim before filing the present suit. They did not, and therefore this action is barred.

**IT IS THEREFORE ORDERED** granting Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. 15).

**IT IS FURTHER ORDERED** denying Plaintiffs' Motion for Transfer Consolidation, Appointment of Interim Class Counsel, and Setting Deadline for Filing a Consolidated Complaint (Doc. 23) as moot. The instant case being hereby dismissed, the Court has no basis under the Local Rules to grant transfer or consolidation of other cases addressing similar subject matter.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this case.

Dated this 29th day of July, 2020.

Honorable John J. Tuchi
United States District Judge